# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORAD0

Civil Action No. 11-cv-01623-MSK

JOHN A. BUSH,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

## OPINION AND ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER comes before the Court on Petitioner John A. Bush's Petition for Writ of Habeas Corpus (# 1); the Government's Response (# 17); and, Mr. Bush's Traverse. Having considered the same,[1] the Court FINDS and CONCLUDES the following.

### I. Jurisdiction

This Court asserts jurisdiction pursuant to 28 U.S.C. § 2241.

---

[1] In evaluating Mr. Bush's pleadings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

## II.  Material Facts

On July 21, 2005, Petitioner was arrested in Ogden, Utah by the Davis Metro Narcotics Task Force for possession of a controlled substance with intent to distribute.  Petitioner was transported to the Weber County Jail, where he was detained pending disposition of the state charges.  On October 5, 2005, Petitioner was sentenced in the Second District Court (Ogden, Utah) in Case No. 051903523 to a prison term of one to fifteen years for commission of a second degree felony.  He was thereafter transferred to the Utah state prison to serve his state sentence.

On September 14, 2005, Petitioner was charged in the United States District Court for the District of Utah, Case No. 1:05-cr-000120-001, with possession with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, on July 21, 2005, in violation of 21 U.S.C. § 841(a)(1).  The Indictment identified a federal offense date of July 21, 2005.  On January 18, 2006, Petitioner was released into U.S. Marshals' custody pursuant to a federal writ of habeas corpus ad prosequendum for a plea hearing in the federal criminal action and returned to state custody on the same day.  On March 15, 2006, Petitioner was released temporarily into U.S. Marshals' custody pursuant to a federal writ of habeas corpus ad prosequendum for his sentencing hearing in the federal case.  Petitioner pleaded guilty to distribution of five grams or more of actual methamphetamine, on or about June 10, 2005, and was sentenced to a 120-month term of imprisonment.  The Judgment was silent as to whether the federal sentence was to be served concurrently with, or consecutively to, the state sentence that Petitioner was then serving.

On May 23, 2006, Petitioner was paroled from the state of Utah and released to the U.S. Marshals pursuant to a federal detainer for service of his federal sentence. Petitioner arrived at his designated federal institution on June 23, 2006.

On March 6, 2007, the United States District Court for the District of Utah issued an amended judgment in Petitioner's federal criminal action ordering his 120-month sentence to "begin running upon the date of imposition." (#17-5, at 1). The sentencing court further ordered that the "time is to run concurrent to state sentence the defendant is currently serving." (*Id.*). The Bureau of Prisons complied with the sentencing court's amended judgment and updated Petitioner's sentence computation to reflect that his sentence commenced on March 15, 2006, the date his original federal sentence was imposed. Petitioner's projected satisfaction date is November 30, 2014.

Mr. Bush initiated administrative procedures seeking to have the time period from July 21, 2005 to March 15, 2006 credited toward service of his federal sentence. The Bureau of Prisons denied his request, stating that all of the time Mr. Bush spent in custody prior to the imposition of his federal sentence was applied to his sentence with the State of Utah.

### III. Issue Presented

Mr. Bush asserts a single claim for relief– that he is entitled to credit towards his federal sentence for the 238 days he was incarcerated from July 21, 2005 to March 15, 2006. The Government responds that the time Mr. Bush spent in state custody during that period was credited toward his Utah sentence, and, therefore, he may not receive credit for the same custodial period against his federal sentence.

### IV.  Standard of Review

An action brought by a federal prison pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).  In this type of action, a district court is only authorized to issue the writ of habeas corpus when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* § 2241(c)(3).  To prevail on a § 2241 petition, a prisoner must demonstrate that in the execution of his sentence he has been denied a federal constitutional or statutory right.  Mr. Bush claims that his rights have been violated because his federal sentence has been miscalculated by the Bureau of Prisons.

### V.  Analysis

The computation of a sentence includes consideration of two factors: (i) the date the sentence commences and (ii) the credit the prisoner receives based on prior detention.  *See Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

A federal sentence commences "on the date that the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility where the sentence is to be served."  18 U.S.C. § 3585(a).  Generally, a sentence does not commence until the defendant is actually received into federal custody for such purpose.  *See Binford*, 436 F.3d at 1255.

In this case, Mr. Bush was received into federal custody on May 23, 2006, approximately two months after the imposition of his federal sentence.  Because the original judgment was silent as to whether his federal sentence was to run concurrently or consecutively to his state sentence, the presumption was that the federal sentence would run consecutively to the state

sentence. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). However, on March 6, 2007, the federal sentencing court issued an amended judgment specifying that Mr. Bush's federal sentence commenced "on the date of imposition" and was to run concurrently to his state sentence. The Court thus finds, in accordance with the amended judgment issued by the sentencing court, that Mr. Bush's federal sentence commenced on March 15, 2006, the date his original sentence was imposed.[2]

A defendant is entitled to credit against his or her sentence for any time spent in "official detention" prior to the date the sentence commences as long as the time was not credited against any other sentence and such detention was based on the offense for which the sentence was imposed or "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Credit calculations are initially made by the Bureau of Prisons, subject to review in an action such as this.

Mr. Bush asserts in the Petition that he is entitled to credit toward his federal sentence for time he spent in custody between July 21, 2005 and March 15, 2006 because the federal charge preceded the state charge and the federal authority lodged a detainer with the state authority before he was convicted on the state charge. According to Petitioner, he was in federal custody at the time of his arrest on July 21, 2005 because he was charged with a federal offense committed on that date and was ultimately convicted of an offense committed on or about June

---

[2] A federal sentence "'cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *DeMartino v. Thompson*, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980));  *see also Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) (stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.") (cited with approval in *DeMartino*).

10, 2005.  However, Petitioner does not dispute that he was arrested by state authorities on July 21, 2005 and placed in state custody.

Primary jurisdiction is a doctrine of comity, and the sovereigns involved can agree however they wish regarding which shall assume custody of a prisoner. *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir.2002) (Although "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant[,]. . .[t]he law of comity is such that. . .two sovereigns may decide between themselves which shall have custody of a convicted prisoner . . . . " (internal quotation marks omitted)).

The State of Utah first acquired custody over the Petitioner pursuant to his arrest by state authorities on July 21, 2005.  The brief time Petitioner spent in federal custody to attend federal criminal proceedings were pursuant to Writs of Habeas Corpus Ad Prosequendum and, as such, were for the purpose of the administration of justice and comity between jurisdictions rather than service of his sentence.  *See Brown v. Perrill*, 28 F.3d 1073, 1074 (10th Cir.1994); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982).  Indeed, the federal government acknowledged that it had ceded primary jurisdiction to Utah used writs of habeas corpus ad prosequendum to gain temporary custody over Mr. Bush to secure his appearance in federal court for the purposes of entering a guilty plea and sentencing, on each occasion returning him to state custody.  *See Binford v. United States*, 436 F.3d 1252, 1255–56 (10th Cir. 2006) (determining that the state had primary custody over a prisoner when the federal government obtained custody from the state by a writ of habeas corpus ad prosequendum ).  The issuance of a federal detainer to secure custody of Petitioner upon completion of his federal sentence is also indicative of the State's primary jurisdiction prior to Petitioner's release from

state custody on May 23, 2006. *See Weekes*, 301 F.3d at 1181 (state authority's use of detainer requesting prisoner's return to the state prison system upon completion of his federal sentence affirmatively showed State's relinquishment of prisoner to federal primary custody). There is no evidence that Utah ever ceded primary custody over Petitioner to the federal authorities. In short, Mr. Bush has failed to show any intentional action by the state or federal authority indicating its belief that he was in federal, as opposed to state custody at any time during the period July 21, 2005 to March 15, 2006.

The state of Utah credited Mr. Bush for the time spent in custody from July 21, 2005 to March 15, 2006, which encompasses his time in federal custody prior to federal sentencing. Mr. Bush thus is not entitled to double credit for that time against his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (discussing 1987 revisions and noting that "Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time"); *see also Kinslow v. Wands*, No. 11-1185, 432 F. App'x 788, 789 (10th Cir. Aug. 11, 2011) (unpublished) ("Because Mr. Kinslow received credit for his pretrial incarceration on his state sentence, he is not entitled to any additional credit against his federal sentence."); *Thomas v. Ledezma*, No. 08-6219, 341 F. App'x 407, 412 (10th Cir. Aug. 12, 2009) (unpublished) (affirming district court's order finding that petitioner had received credit from state authorities for time spent incarcerated on his state sentence, and that "awarding him credit against the federal sentence as well would constitute impermissible double credit."); *O'Bryan v. Wiley*, No. 07-1328, 261 F. App'x 117 (10th Cir. Jan. 17, 2008) (unpublished) (holding that the district court was "undeniably correct" to find that inmate was not entitled to prior custody credit where time spent in prior detention was already credited against previous sentence); *Azure v. Gallegos*,

Nos. 03-1375, 03-8047, 03-8090, 97 F. App'x 240, 245-46 (10th Cir. March 26, 2004) (unpublished) (same).  Moreover, any argument raised by Petitioner that he is entitled to credit dating back to June 10, 2005 is unavailing because he was not in either state or federal custody prior to July 21, 2005.

The Court finds that the Bureau of Prisons has properly determined, pursuant to 18 U.S.C. § 3585(b), that Petitioner is not entitled any credit toward his federal sentence for the period he spent in custody from July 21, 2005 to March 15, 2006 because that time was credited against his state sentence.  Mr. Bush's petition is therefore denied.[3]

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Petitioner files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

**IT IS THEREFORE ORDERED** that Petitioner John A. Bush's Petition for Writ of Habeas Corpus (#1) is **DENIED**.  It is

---

[3] Mr. Bush also raises an argument in his Petition that the Court should adjust his sentence downward based on § 5G1.3 of the United States Sentencing Guidelines.  However, he may not attack the legality of his sentence in this § 2241 proceeding.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . A 28 U.S.C. § 2255 petition attacks the legality of detention, . . . and must be filed in the district that imposed the sentence.").  Instead, he must seek relief in the sentencing court pursuant to 28 U.S.C. § 2255. *Id.*; *see also Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.")

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated this 30th day of March, 2012

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge